UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTE R. FRAZIER,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-945 DRL-SJF

BRIAN ENGLISH *et al.*,

    Defendants.

## OPINION AND ORDER

Donte R. Frazier, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Frazier alleges that he was receiving threats from other inmates, left unidentified. At some unknown point in time, he notified Sgt. A. Cervantes and Sgt. J. Owens of the threats and asked to be placed in protective custody. Some of these threats were in writing, and he showed them the threats. They did not place him in protective custody. On January 18, 2023, Mr. Frazier was attacked by four inmates. He suffered serious injuries, including a broken jaw.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercis[ing] poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, Mr. Frazier has not provided any details about the nature of the threats he received or who was threatening him. Without additional detail, it can't be plausibly inferred from the facts alleged in the complaint that Sgt. Cervantes and Sgt. Owens knew of a specific, credible, and imminent risk of serious harm, when he has not described the nature of the threats or the threats posed by unidentified assailants. Therefore, Mr. Frazier won't be permitted to proceed on this claim absent an amended complaint.

Mr. Frazier also alleges that Sgt. Cervantes and Sgt. Owens ignored his medical needs following the attack. Mr. Frazier alleges that, when Sgt. Cervantes walked the range, Mr. Frazier attempted to notify him of his injuries, but Sgt. Cervantes did not acknowledge him. The next morning, Mr. Frazier was able to communicate briefly with Sgt. Owens, but Sgt. Owens said he would come back after he finished delivering chow. He did not return. ECF 1-1 at 1. Around noon, another officer noticed Mr. Frazier's injuries and took him to the medical department.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Frazier was unable to communicate with Sgt. Cervantes about his injuries. It can't be plausibly inferred that he was aware of Mr. Frazier's suffering, much less deliberately indifferent to it. Sgt. Owens did learn of Mr. Frazier's injuries, but it is unclear

3

what information Mr. Frazier provided to Sgt. Owens. Sgt. Owens indicated he would return, and he did not return before another officer realized Mr. Frazier needed medical care. These allegations, standing alone, are not enough to plausibly infer Sgt. Ownes was deliberately indifferent to Mr. Frazier's suffering. Therefore, he may not proceed against Sgt. Cervantes or Sgt. Ownes for deliberate indifference to his medical needs.

Mr. Frazier is also suing Warden Brian English because he is responsible for ensuring his staff follow the prison's policies. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. However, supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Mr. Frazier alleges only that Warden English was in charge at the prison, and that is insufficient to state a claim against Warden English.

This complaint does not state a claim for which relief can be granted. If Mr. Frazier believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14**

**(INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Donte R. Frazier until **May 28, 2025**, to file an amended complaint; and

(2) CAUTIONS Donte R. Frazier if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 28, 2025                              *s/ Damon R. Leichty*
                                            Judge, United States District Court