UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTE R. FRAZIER,

    Plaintiff,

    v.                                              CAUSE NO. 3:24-CV-945 DRL-SJF

BRIAN ENGLISH *et al.*,

    Defendants.

OPINION AND ORDER

Donte R. Frazier, a prisoner without a lawyer, filed an amended complaint. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Frazier alleges that he was transferred to a different housing unit on January 17, 2023. When he arrived in the unit, Sgt. A. Cervantes told an inmate that Mr. Frazier had been convicted of child molestation and said to get Mr. Frazier out of the unit because he didn't "want any CHOMO's in [his] house." ECF 12 at 2. Mr. Frazier began receiving threats from other inmates, both verbally and in writing. These threats included things like "Get that CHOMO outta here before we do something bad to him," and "Yo CHOMO

ass is thru when these doors rolled." *Id.* Mr. Frazier asked Sgt. Cervantes to be placed in protective custody. He said that Mr. Frazier would be fine because the unit was on lockdown. Around 7:00 p.m. on January 18, 2025, Mr. Frazier was attacked by four inmates. He suffered serious injuries, including a broken jaw.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercis[ing] poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, Sgt. Cervantes could be said to have contributed to the risk Mr. Frazier faced by labeling him as a child molester and making it clear he didn't want child molesters in his housing unit. Mr. Frazier also alleges that Sgt. Cervantes heard the threats being made

2

against him and therefore knew who was making the threats. Furthermore, to the extent that Sgt. Cervantes may not have been aware of the threats, Mr. Frazier told him about them. Giving Mr. Frazier the inferences to which he is entitled at this stage of the case, it can be plausibly inferred from the facts alleged in the complaint that Sgt. Cervantes knew of a specific, credible, and imminent risk of serious harm posed by an identified assailant. Therefore, Mr. Frazier may proceed against Sgt. Cervantes on a failure to protect claim.

Following the attack, Mr. Frazier also alleges that Sgt. Cervantes and Sgt. Owens ignored his medical needs. Mr. Frazier alleges that, when Sgt. Cervantes walked the range on the evening of the attack, Mr. Frazier attempted to notify him of his injuries, but Sgt. Cervantes did not acknowledge Mr. Frazier. The next morning, Mr. Frazier was able to communicate with Sgt. Owens while he was passing out breakfast trays. Sgt. Owens indicated that Mr. Frazier looked bad. Mr. Frazier asked Sgt. Owens to be placed in protective custody because of his injuries and the threats. Mr. Frazier showed Sgt. Owens the written threats he had received. Sgt. Ownes said that he would deal with it when he was done passing chow.[1] Later that day, around 5:00 p.m., another sergeant noticed Mr.

---

[1] To the extent that Mr. Frazier is alleging that Sgt. Owen should be held liable for failing to protect him, his claim can't proceed. Mr. Frazier doesn't allege that he was attacked by inmates after he made Sgt. Owen aware of his concerns. Mere fear of an attack that doesn't occur doesn't state a claim for monetary damages. See *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (quotations and citation omitted)).

3

Frazier's injuries and called for help. Mr. Frazier was taken to the medical unit, where his injuries were addressed.[2]

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Frazier was unable to communicate with Sgt. Cervantes about his injuries. It can't be plausibly inferred from the allegations in the amended complaint that Sgt. Cervantes was aware of Mr. Frazier's suffering, much less deliberately indifferent to it. Mr. Frazier does indicate that he told Sgt. Owens he was injured, but the focus of the conversation was on obtaining protective custody, because Mr. Frazier was worried about an additional attack. It isn't clear Mr. Frazier indicated he needed medical care or

---

[2] The court notes that documents submitted with Mr. Frazier's earlier complaint indicate that another officer noticed his injuries around noon, not 5:00 p.m. ECF 1-1 at 1.

4

that Mr. Frazier's injuries were so obvious that Sgt. Owen should have known Mr. Frazier needed immediate medical care. That he mentioned his injuries to Sgt. Owen in the context of requesting protective custody, standing alone, is insufficient to plausibly infer Sgt. Ownes was deliberately indifferent to Mr. Frazier's suffering. Therefore, he may not proceed against either Sgt. Cervantes or Sgt. Ownes for deliberate indifference to his medical needs.

Mr. Frazier is also suing Warden Brian English because Mr. Frazier believes the warden should be held responsible for ensuring his staff follow the prison's policies. The court has already explained to Mr. Frazier (ECF 11 at 4) that "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. However, supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Mr. Frazier alleges only that Warden English was in charge at the prison and should therefore be held responsible. This is insufficient to state a claim against Warden English.

For these reasons, the court:

(1) GRANTS Donte R. Frazier leave to proceed against Sgt. Cervantes in his individual capacity for compensatory and punitive damages for failure to protect Mr. Frazier from an inmate attack on January 18, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Owen and Brian English;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Cervantes at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 12);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he doesn't waive service and if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Cervantes to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 14, 2025                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court