UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTE R. FRAZIER
(PLAINTIFF)
V.
ARMANDO CERVANTES
(DEFENDANT)

CASE NO. 3:24-CV-945-DRL-SJF

FILED
FEB 23 2026
At ____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DONTE R. FRAZIER'S MEMORANDUM IN SUPPORT OF THE RESPONSE TO THE DEFENDANT ARMANDO CERVANTES MOTION FOR SUMMARY JUDGEMENT.

DONTE R. FRAZIER RESPECTFULLY SUBMITS THIS MEMORANDUM IN SUPPORT OF THE RESPONSE TO THE DEFENDANT ARMANDO CERVANTES MOTION FOR SUMMARY JUDGEMENT PURSUANT TO N.D. IND. L.R. 56-1.

INTRODUCTION

DONTE R. FRAZIER LAWSUIT STEMS FROM AN ATTACK THAT OCCURRED ON JAN 18, 2023 AT MIAMI CORRECTIONAL FACILITY (MCF). MR. CERVANTES IGNORED CREDIBLE THREATS FROM OTHER INMATES TO HIS SAFETY AND SECURITY AND FAILED TO PLACE HIM IN PROTECTIVE CUSTODY LIKE HE ASKED. HOWEVER MR. CERVANTES INITIATED THAT DONTE R. FRAZIER FILED THIS LAWSUIT WITHOUT FIRST COMPLYING WITH THE OFFENDER GRIEVANCES PROCESS THAT IS PLACED AT MCF. MR. CERVANTES IS INITIATING THAT DONTE R. FRAZIER FAILED TO EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS EIGHTH AMENDMENT CLAIM, AS THE PRISON LITIGATION REFORM ACT (P.L.R.A) REQUIRED OF HIM. NO DISPUTE EXISTS THAT MCF HAS AN AVAILABLE GRIEVANCE PROCESS AND THAT DONTE R. FRAZIER WAS AWARE OF THE GRIEVANCE PROCESS AND ITS VARIOUS STEPS TO EXHAUST HIS ADMINISTRATIVE REMEDIES. DONTE R. FRAZIER CLAIMS TO HAVE SUBMITTED THREE (3) GRIEVANCE'S—(1) ON JAN 31, 2023, (2) ON FEB 14, 2023, AND (3) ON MAR 20, 2023, THE ONLY TIMELY GRIEVANCE SUBMITTED WAS JAN 31, 2023 AND DONTE R. FRAZIER CLAIMS HE DIDN'T RECEIVE AN RESPONSE TO THAT GRIEVANCE BUT THE OFFENDER GRIEVANCE PROCESS OUT LINES THE PROCESS THAT AN INDIVIDUAL IS TO FOLLOW UP WHEN THEY DO NOT RECEIVE A RESPONSE TO A GRIEVANCE, THEY ARE TO NOTIFY THE GRIEVANCE SPECIALIST AND RETAIN A COPY OF THAT NOTICE. FATAL TO DONTE R. FRAZIER'S CLAIM IS HIS SWORN TESTIMONY THAT AFTER SUBMITTING HIS JAN 31, 2023 GRIEVANCE AND NOT RECEIVING A RESPONSE, HE DID NOT FOLLOW UP ON THE ASSERTED NON-RESPONSE, DONTE R. FRAZIER THEREFORE, DID NOT COMPLY WITH THE REQUIREMENTS OF THE GRIEVANCE PROCESS AND DID NOT SUBMIT HIS GRIEVABLE ISSUE THROUGH THE FULL PROCESS. ACCORDINGLY, DONTE R. FRAZIER FAILED TO EXHAUST THE AVAILABLE ADMINISTRATIVE

Remedies and the court should grant summary judgement in favor of Mr. Cervantes on the claim against him for his affirmative defense.

## Legal Standard of Review

A party is entitled to summary judgement when there is no genuine issue as to any material fact, and the moving party is entitled to judgement as a matter of law. (Fed. R. Civ. P. 56(a)) On cross-motion for summary judgement, the court "construes all facts and draws all reasonable inferences in favor of the party against whom the motions under consideration was filed", (Hess v. Bd. of Trs. of S. Ill. Univ., 839 F.3d 668, 673 (7th Cir. 2016)) A party can't defeat summary judgement by merely alleging a factual dispute; "Instead the nonmovant must present definite, competent evidence in rebuttal", (Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012 [redacted])), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial". (Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007))

A defendant isnt entitled to a jury trial on contested issues involving exhaustion. (Wagoner v. Lemmon, 778 F.3d 586, 590 (7th Cir 2015)) (Dicussing Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008))

A court holds a Pavey hearing to resolve issues of fact bearing on exhaustion, but when there are no dispute facts regarding exhaustion, only a legal question, the court may resolve the issue without a hearing. (Vela v. Ind. Dept. of Corr., No. 3:16 cv 51, 2017 U.S. Dist. Lexis 9279) [redacted]

# ARGUMENT

A.) MIAMI CORRECTIONAL FACILITY (MCF) WAS OPERATING UNDER A DIFFERENT SYSTEM THEN THE DELTA SYSTEM THEY'RE RONNING ONDER NOW, MCF TRANSITION OVER TO THE DELTA SYSTEM I BELIEVED AT OR AROUND MARCH OF 2024 AND ANYTHING THAT WAS ON FILE BEFOREHAND WERE EITHER MISHANDLED OR LOST IN THE PROCESS, MCF HAD A MAJOR ISSUE OF THAT DUE TO [redacted] TRANSITIONING TO THE NEW DELTA SYSTEM.

A1.) ON PG. 8 PARA/SENTENCE 50-52 OF DECLARATION OF MICHAEL GAPSKI EX. A. STATES, [redacted], MR. FRAZIER RECORDS AND GRIEVANCE HISTORY AND A TRUE ACCURATE COPY OF MR. FRAZIER'S GRIEVANCE HISTORY AS OF DECEMBER OF 2025.

A2.) EX. C. PG. 1 AND 2, SHOW A HISTORY OF GRIEVANCE'S OF DONTE FRAZIER # 210944 OF THE NEW DELTA SYSTEM, IT DOES NOT SHOW ANY GRIEVANCES THAT WAS FILED/SUBMITTED BEFORE TRANSITIONING TO THE NEW DELTA SYSTEM. I HAVE SUBMITTED MULTIPLE GRIEVANCES THRU OUT THE YEAR 2023, LIKE JAN 31, 2023, FEB 14, 2023, MAR 20, 2023, APR 2, 2023, AUG 8, 2023, JAN 12, 2024 AND I HAVE NOT GOT A RESPONSE OF NON OF THE YEAR 2023 GRIEVANCE'S EXCEPT FOR [redacted] MAR 20, 2023 GRIEVANCE WHICH THE RETURN RESPONSE WAS MY GRIEVANCE WAS DENIED DUE TO UNTIMELY SUBMITTED OR THE LACK OF TIME OF SUBMITTANCE.

A3.) MCF GRIEVANCE SPECIALIST MICHAEL GAPSKI CREDIBLITY CAST DOUBTS ON DUE TO MULTIPLE CIVIL SUITS HAS BEEN FILED [redacted] BECAUSE OF THE GRIEVANCE PROCESS AT MCF IS EITHER UNRELIABLE OR A DEADEND PROCESS. MICHAEL GAPSKI DESCRIBE HOW HE USES AN UNAUTHORIZE STEP REQUIRING A PRISONER AT MCF TO FIRST MARK ANOTHER FORM WITH "DISAGREE" BEFORE RECEIVING A GRIEVANCE APPEAL STATE FORM 45473, BUT A PRISONER CAN'T MARK "DISAGREE" ON A FORM HE NEVER RECEIVES. (THIS IS A DEADEND PROCESS) THE POLICY TELL PRISONERS TO APPEAL AS IF THE GRIEVANCE HAD BEEN DENIED OR NOT RECEIVED A RESPONSE BUT DOESN'T SAY HOW A PRISONER IS ABLE TO GET A COPY OF THE GRIEVANCE APPEAL STATE FORM 45473, MUCH LESS HOW A PRISONER IN RESTRICTIVE HOUSING CAN GET A HOLD OF A GRIEVANCE APPEAL STATE FORM 45473. (BENNETT V. HYATTE, 2022, 2023) THIS POLICY GAP MEANS THERE IS NO ADEQUATE APPEAL PROCESS SO PRISONERS CANNOT BE FAULTED FOR FAILING TO APPEAL.

B.) THE OFFENDER GRIEVANCE PROCESS, POLICY AND ADMINISTRATIVE PROCEDURE, 00-02-301, EFFECTIVE SEPT 1, 2020:

FIRST, THE POLICY AT ONE POINT SAYS A PRISONER SHALL NOTIFY THE GRIEVANCE SPECIALIST OF A NON-RESPONSE GRIEVANCE WHILE SAYING AT ANOTHER POINT THAT THE ONLY RECOGNIZED PROCESS INCLUDES; (1) A FORMAL ATTEMPT TO RESOLVE CONCERNS, (2) A WRITTEN APPEAL TO THE WARDEN, AND (3) A WRITTEN APPEAL TO THE DEPARTMENT GRIEVANCE MANAGER.

SECOND, THE POLICY SAYS A PRISONER CAN APPEAL A NON-RESPONSE GRIEVANCE AS IF THERE BEEN A RESPONSE IF TWENTY (20) BUSINESS DAYS HAVE PASSED FROM THE GRIEVANCE SPECIALIST RECEIPT OF THE GRIEVANCE, THE POLICY DOESNT SAY THAT THE PRISONER CAN APPEAL ONLY ONCE HE'S FILED A NOTICE OF A NON-RESPONSE GRIEVANCE OR ONCE THE GRIEVANCE SPECIALIST HAS RESPONDED TO A NOTICE OF A NON-RESPONSE GRIEVANCE. — THIS PART OF THE POLICY IS OPAQUE AND INCAPABLE OF USE FOR NON-RESPONSE GRIEVANCES, THIS DOES NOT APPEAR TO BE MANDATORY. (ROSS V. BLAKE, 578 U.S. 632)

B1.) THE POLICY DEMANDED THAT PRISONERS APPEAL TO THE NON-RESPONSE GRIEVANCES BUT YET THE POLICY DO NOT EXPLAIN HOW A PRISONER WHO RECEIVES NO RESPONSE TO A GRIEVANCE CAN MARK "DISAGREE" ON A FORM THAT THE PRISONER NEVER RECEIVES OR EVEN EXIST. THE POLICY PUTS A PRISONER WHO RECEIVES NO RESPONSE TO A GRIEVANCE IN A IMPOSSIBLE SITUATION OF NEEDING TO APPEAL A NON-RESPONSE GRIEVANCE BY INCLUDING THE RESPONSE THAT WAS NEVER RECEIVED, ULTIMATELY, THE POLICY RULES ABOUT APPEALS ARE BASED ON THE ASSUMPTION THAT THE PRISONER HAS RECEIVED A RESPONSE TO HIS ORIGINAL GRIEVANCE, AND DOESNT ACCOUNT FOR NON-RESPONSE GRIEVANCES.

(KNIGHTEN V. MITCHEFF. NO. 1:09-CV-333, 2011 U.S. DIST. LEX. 2910)

C.) UPON MY DEPOSITION ON 12/30/2025, I'VE NEVER STATED I DIDNT FOLLOW UP ON THE ASSERTED NON-RESPONSE GRIEVANCE TO PROCEED TO THE NEXT STEP, I WAS MISS GUIDED AND WAS GIVEN INACCURATE INFORMATION ON HOW TO PROCEED OF A NON-RESPONSE GRIEVANCE.

C1.) ON PG. 7, PARA: 8-25 AND PG. 8, PARA: 1-2 OF MY DEPOSITION I WAS ASKED BY ERIC J. LEVEQUE — OKAY, AND THEN IN THAT SITUATION, HAVE YOU EVER FOLLOWED UP WITH THE GRIEVANCE SPECIALIST OR YOUR COUNSELOR TO LET THEM KNOW THAT SOMETHING GONE MISSING OR HASNT BEEN ADEQUATELY RECORDED?

I ANSWERED STATING, YES, I SUBMITTED REQUEST FORMS TO THE COUNSELOR OF THE UNIT I WAS IN AND I SUBMITTED REQUEST FORMS TO THE GRIEVANCE SPECIALIST AND NEVER GOT A RESPONSE BACK.

THEN MR. LEVEQUE ASKED — IF YOU'VE SUBMITTED A GRIEVANCE AND YOU NEVER RECEIVE A RESPONSE TO IT, OR ANY ACKNOWLEDGEMENT THAT YOU SUBMITTED IT, HAVE YOU EVER THEN PROCEEDED TO THE SECOND STAGE WHERE YOU WOULD FILE AN APPEAL ON THAT GRIEVANCE?

I ANSWERED STATING, YES, I WAS ACQUIRED TO IT, IF IT WAS PRESENTED TO ME THAT IT WAS AVAILABLE TO DO SO. BUT THE GRIEVANCE SYSTEM HERE AT MCF DOESNT TELL YOU HOW TO ATTEND TO THAT OR ACQUIRE TO THAT PROCESS, THE SECOND OF THE PROCESS.

THEN ON PG. 12, PARA: 8-24 OF MY DEPOSITION — MR. LEVEQUE ASKED — DID YOU FOLLOW UP WITH YOUR COUNSELOR OR THE GRIEVANCE SPECIALIST ON THOSE GRIEVANCES?

I ANSWERED STATING, YES, TO MY COUNSELOR HAMMERICK, AND HE STATED TO BE PATIENT ON THE GRIEVANCE PROCESS HERE BECAUSE WE ONLY HAVE ONE GRIEVANCE SPECIALIST AND THE GRIEVANCE PROCESS IS ALWAYS ON A BACKLOG SO BE PATIENT OF YOUR ANSWER, BUT I TOLD THE COUNSELOR THAT YOU ONLY HAVE A CERTAIN AMOUNT OF TIME TO FILE A GRIEVANCE AND A APPEAL FOR THE GRIEVANCE, SO I CAN, YOU KNOW, PROCEED TO THE NEXT STEP, BUT IT DOESNT TELL YOU HOW TO PROCEED TO THE NEXT STEP, JUST SUBMIT A REQUEST IN TO THIS PERSON TO GET THIS DOCUMENT BUT THIS PERSON WILL REPLY BY GOING TO A DIFFERENT PERSON BASICALLY GIVING YOU THE RUN-AROUND WHICH LEADS TO A DEADEND.

I STATED IN MY DECLARATION THAT I NEVER RECEIVED A RESPONSE TO ANY OF MY GRIEVANCES THAT I FILED ON THE ISSUES, THIS WOULD SHOW THAT THE ADMINISTRATIVE REMEDIES WERENT AVAILABLE BECAUSE PRISON OFFICIALS CANT EXPLOIT THE EXHAUSTION REQUIREMENT THROUGH INDEFINITE DELAY IN RESPONDING TO GRIEVANCES.

(LEWIS V. WASHINGTON, 300 F.3d 829, 833 (7TH CIR. 2002))

## CONCLUSION :

BASED ON THE FOREGOING, THE DEFENDANT ARMANDO CERVANTES MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED DUE TO THESE GENUINE MATERIAL FACTS THAT THE PLAINTIFF DONTE R. FRAZIER HAS EXHAUSTED ADMINISTRATIVE REMEDIES THAT WERE AVAILABLE TO HIM, THEREFORE THE PLAINTIFF DONTE R. FRAZIER CROSS-MOVED FOR SUMMARY JUDGEMENT ON THE ISSUE OF EXHAUSTION ADMINISTRATIVE REMEDIES. DONTE R. FRAZIER RESPECTFULLY REQUEST ORAL ARGUMENTS TO PRESENT LEGAL ARGUMENTS BUT NOT ADDITIONAL EVIDENCE, AND RESPECTFULLY REQUEST A PAVEY HEARING DISPUTE OF MATERIAL FACTS OF EXHAUSTION ADMINISTRATIVE REMEDIES.

RESPECTFULLY SUBMITTED,

DATED: 02/13/2026.

DONTE R. FRAZIER
#210944 PRO SE
MIAMI CORRECTIONAL FACILITY
3038 WEST 850 SOUTH
BUNKERHILL, IN 46914

I, DONTE R. FRAZIER, swear and affirm under penalty of perjury that all of the foregoing statements and representations are true and correct, to the best of my knowledge. Further Affiant Sayeth Naught.

Donte R. Frazier

Affiant

STATE OF INDIANA )
) SS:
COUNTY OF MIAMI )

Subscribed and Sworn to before me, a Notary Public, on this 6th day of February, 2026.

Deanna Anderson

Notary Public

My Commission Expires:

11 11 2033

Month Day Year

Deanna Anderson

Printed Name

DEANNA ANDERSON
NOTARY PUBLIC
SEAL
STATE OF INDIANA
MY COMMISSION EXPIRES NOVEMBER 11, 2033
COMMISSION NUMBER NP0767079